UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOHANY HERNANDEZ
HERNANDEZ,

            Plaintiff,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

            Defendants.

Case No. 2:26-cv-900-KCD-DNF

## ORDER

Petitioner Yohany Hernandez Hernandez has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"). (*Id.* at 8-9.) Respondents oppose the petition (Doc. 9.) For the reasons below, the petition is **DENIED**.

## I. Background

Hernandez is a native of Cuba who alleges that he entered the United States in 2004. (Doc. 1 ¶ 11.) A final order of removal was issued on January

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

25, 2018, following his completion of a 36-month sentence for alien smuggling. (Doc. 9-1 at 2, 4-9, 10, 29.)

Hernandez remained detained immediately following his removal order until May 2, 2018, when he was released on an order of supervision. (*Id.* at 9, 12-16, 29.) On November 3, 2025, ICE revoked his supervision and began efforts to remove him once again. (*Id.* at 17-22, 29.) In December, Cuba denied repatriation. (*Id.* at 29.) ICE has since been pursuing removal to Mexico. But those efforts have been thwarted by Hernandez's failure to cooperate. (*Id.* (describing Petitioner's refusal to get dressed, board the bus, and sign necessary forms to obtain travel documentation)).

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

2

### III. Discussion

Hernandez claims that his due process rights have been violated because he has not been provided a bond hearing under § 1226. (Doc. 1 at 8-9.) That argument fails at the outset. Hernandez is subject to a final removal order dated January 25, 2018, which stands uncontested. (*See* Doc. 9-1.) That means his detention is governed by an entirely different statutory provision.

Section 1226(a) provides that noncitizens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Noncitizens detained under § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1231, in turn, governs the detention of noncitizens who have been ordered removed. Subsection (a)(2) requires detention of noncitizens during the removal period, which normally begins on the date the removal order becomes administratively final.

According to the only evidence before the Court, there are no pending agency proceedings relevant to Hernandez's removal. The 2018 removal order is administratively final and ready to be executed. Because he is subject to a final removal order, Hernandez's detention is governed by § 1231. He is thus not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition. And his detention does not run

afoul of the due process clause because he has been detained since November 3, 2025. As the Supreme Court explained in *Zadvydas*, the authority to detain under § 1231 does not stretch into infinity, but for the first six months, detention is presumptively reasonable. 533 U.S. at 701. Any claim under *Zadvydas*, is premature because Hernandez has not been detained for longer than six months since his removal order was reinstated.

## IV. Conclusion

For these reasons, Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**ORDERED** in Fort Myers, Florida on April 29, 2026.

Kyle C. Dudek
United States District Judge

4